IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:16-cv-02391-SKC

CORY S. SCHERBARTH,

    Plaintiff,

v.

OFFICER WOODS, *Officer of the Aurora City Police Department*; and,
OFFICER VAN CLEAVE, *Officer of the Aurora City Police Department*,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [#77]**

---

Plaintiff filed his Amended Complaint *pro se* on December 21, 2016 [#18].[1] The Amended Complaint asserts two claims for relief under 42 U.S.C. § 1983: (1) unlawful use of excessive force (Fourth Amendment) and (2) false imprisonment (Fourth and Fourteenth Amendment). [#18.] Because Plaintiff failed to indicate whether he intended to pursue official capacity claims, the then presiding judge dismissed any official capacity claims, without prejudice. [#20 at pp. 4-5.] And Plaintiff subsequently abandoned his false imprisonment claim. Thus, only the excessive force claims against Defendants in their individual capacities persist. [#84 at p.1. n.1.]

Plaintiff has litigated this matter *pro se* but for two brief periods of pro bono representation. John Bryan was the latest attorney to represent him between May 8, 2018

---

[1] The Court uses "[#___ ]" to refer to entries in the CM/ECF Court filing system.

1

and February 4, 2019. [#64; #93.] During that time, Plaintiff conducted discovery, which included taking Defendants' depositions. [#77 at p. 2.] Plaintiff claims Defendants testified that the City of Aurora ("City") widely trains its officers on a use of force technique that caused injuries to Plaintiff's face and head. [#77 at p.2.] The proposed Second Amended Complaint ("SAC") describes the alleged practice in this way:

> The specific practice involves officers using force against an arrestee lying prone and using a support arm to keep their chest off the ground. Rather than instructing officers to remove the support arm and restrain the arrestee behind their back, City instructs its officers to also leverage the arrestee's head into the ground <u>in a manner that allows the head to strike the ground with unbroken force</u>.

[#77-1 (emphasis added).] The SAC alleges Defendants[2] used this technique during Plaintiffs' arrest causing him injuries. [*Id.* at p.2.]

Based on this testimony, Plaintiff seeks leave to amend the Amended Complaint to reassert his official capacity claims by asserting a municipal liability claim against the City. [#77.] The Court reviewed the briefing and exhibits on the Motion to Amend ("Motion") and finds no hearing is necessary.[3] After considering the Parties' positions, the Court DENIES the Motion.

## A. LEGAL STANDARDS

The Court must freely allow amendment of the pleadings "when justice so requires."[4] Fed. R. Civ. P. 15(a)(2). While the decision is within the Court's discretion,

---

[2] Either or both Defendants—it's unclear.
[3] Although Plaintiff is now *pro se*, he was represented by counsel during briefing of the Motion. Thus, the Court does not apply the liberal-pleading standard applicable to *pro se* pleadings. *Cf. Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).
[4] Generally, courts consider whether a motion to amend is timely under a scheduling order considering Fed R. Civ P. 15(a) and 16(b), as applicable. *See Bauer v. Crete Carriers*

"[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendants assert four bases to deny the Motion:[5] (1) the Motion did not comply with the Local Rules; (2) futility of amendment; (3) undue delay; and (4) undue prejudice. [#80.] Because the Court finds the proposed amendments would be futile, it focuses solely on that inquiry.

"A proposed amendment is futile if the complaint, as amended would be subject to dismissal. As a result, the futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]" *Bauer v. City & Cty. Of Denver*, 642 Fed. App'x 920, 925 (10th Cir. 2016) (internal quotation and citation omitted). Thus, to survive effective dismissal of his proposed municipal liability claim, the proposed SAC must plead sufficient facts to plausibly allege: (1) that a municipal employee committed the constitutional violation complained of; and (2) that a municipal

---

*Corp.*, No. 1:18-CV-01536-PAB-SKC, 2019 WL 7290939, at *3 (D. Colo. Nov. 1, 2019). But in this case the Court didn't set a deadline for joinder and amendment pleadings. [#37.] Therefore, the Court only considers whether the proposed amendments satisfy Rule 15(a).

[5] The Officers oppose the Motion on behalf of the City without addressing their standing to do so. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("[A] party generally must assert his own legal rights and interests[.]") (internal quotations omitted).) But the standing rule is not absolute. *Id.* The Court finds sufficient standing. Officer Van Cleave was an adjunct instructor at the Aurora Police Academy for many years prior to the incident; he taught arrest techniques and instructed trainees on the techniques that are challenged in this case. Further, the City of Aurora is not currently a party to this litigation, which hinders its ability to otherwise protect its interests.

policy or custom was the moving force behind the constitutional deprivation. *Myers v. Okla. Cnty. Bd. of Cnty. Commr's*, 151 F.3d 1313, 1316 (10th Cir. 1998). Defendants argue the proposed SAC is futile because it fails this second element. [#80 at pp. 9-11.]

The second part is divided into three elements that must be pleaded with factual support in order to proceed with a claim alleging municipal liability: "(1) the existence of an official policy or custom; (2) a direct causal link between the policy or custom and the constitutional injury; and (3) that the defendant established the policy with deliberate indifference to an almost inevitable constitutional injury." *Dawson v. Bd. of Cty. Comm'rs*, 2018 U.S. App. LEXIS 5946, at *7-8 (10th Cir. 2018) (emphasis added) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767-69 (10th Cir. 2013)). The SAC fails to allege sufficient facts to plausibly allege these elements.

**1. Existence of an Official Policy or Custom**

The proposed SAC purports to allege an official policy of allowing or requiring head strikes – *to wit*, "City has adopted this practice despite a general prohibition <u>against head strikes</u> . . .;" and, "City has enforced and maintained a practice <u>that predictably causes dangerous head strikes</u> . . ..") [#77-1 at ¶3 (emphasis added); #83 at p.2 (emphasis added).] Part of the problem with the proposed SAC is its internal inconsistency when alleging the unlawful policy or custom.

Defendant points to some of these inconsistencies; such as the proposed SAC purports to allege a practice of allowing head strikes to arrestees while simultaneously alleging the City has a policy which prohibits head strikes. [#80 at n.4; *see also* #77-1 at ¶¶2-3, 5.]. The Court further observes the proposed SAC equates an alleged practice of

4

instructing officers to "leverage the arrestee's head into the ground <u>in a manner that allows the head to strike the ground</u> with unbroken force," with a policy of instructing officers to use head strikes. [#77-1 at ¶¶2-3 (emphasis added).] But these are different actions. A head strike is an affirmative blow to the head. MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/strike, last accessed 03/27/2020 (defining "strike" as "to aim and usually deliver a blow, stroke, or thrust (as with the hand, a weapon, or a tool)"). The alleged practice is one of "allow[ing] the head to strike the ground." [#77-1 at ¶2.] This is a more passive action of allowing something to happen, *i.e.*, allowing a head to hit the ground, which differs from a blow to the head. [*See, e.g.,* #77 at pp.2-3 ("Rather than instructing officers to remove the support arm in a manner that reduces the risk of injury from a head strike, City instructs its officers to simultaneously <u>drive</u> the arrestee's head into the ground with unbroken force.") (emphasis added).]

A final inconsistency is the proposed SAC's allegation that the "technique in question combines <u>two separate tactics that, when combined</u>, present a substantial risk of serious bodily injury to arrestees . . . ." [#77-1 at ¶6.] These two-separate-but-combined tactics include officers (1) using a support arm to keep a prone arrestee's chest off the ground while (2) "leverage[ing] the arrestee's head into the ground in a manner that allows the head to strike the ground with unbroken force." [*Id.* at ¶2.] Again, these allegations do not resemble a purported policy of head strikes, as the proposed SAC attempts to allege. [*Id.* at ¶¶1-2.]

The Court finds the alleged policy is too vague, internally inconsistent, and conclusory to plausibly allege a claim for municipal liability. *See Hill v. Reardon*, No. 18-

5

CV-00290-GPG, 2018 WL 10466851, at *1 (D. Colo. Nov. 16, 2018) ("His vague, conclusory allegation that a policy which 'allowed for officer discretion' contributed to his injuries is insufficient. As a result, the official capacity claims are legally frivolous and will be dismissed.") (internal parenthetical omitted).) All of this is a failure of the first prong.

**2. Direct Causal Link Between the Policy and The Constitutional Injury**

The proposed SAC doesn't plausibly allege a direct causal link between the alleged practice and the alleged constitutional injury. Again, the proposed SAC describes the applicable practice as one of "leverage[ing] the arrestee's head into the ground in a manner that allows the head to strike the ground with unbroken force." [#77-1 at ¶2.] The only averments in the proposed SAC regarding what caused Plaintif harm in this regard allege the affirmative act of "slamming" his head into the ground, rather than alleging a tactic that merely "allowed" Plaintiff's head to hit the ground. [*Compare* #83-1 at p.3 ("Officer Woods . . . assaults me by punching me and <u>slamming</u> my head into the ground.") (Emphasis added), *with* #83-1 at ¶2 (there was a practice of officers using leverage that "<u>allows</u> the head to strike the ground". ("Emphasis added.).]

**3. Defendant Established the Policy with Deliberate Indifference**

Deliberate indifference requires a factual showing that "the municipality ha[d] actual or constructive notice that its [policies were] substantially certain to result in a constitutional violation, and it consciously or deliberately [chose] to disregard the risk of harm." *Id.* at *8 (quoting *Schneider*, 717 F.3d at 771; *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). The proposed SAC also fails on this third prong.

While he alleges the City had a policy against head strikes, the proposed SAC does not allege the City had actual or constructive knowledge that the alleged practice of restraining arrestees "in a manner that allows the head to strike the ground with unbroken force," was substantially certain to cause a constitutional violation or that the City deliberately disregarded that risk. To the extent he attempts to allege as much, the allegations in the proposed SAC are plainly conclusory and lack supporting factual allegations to plausibly state a claim. *See Khalik v. United Airlines*, 671 F.3 1188, 1191 910th Cir. 2012).

In this regard, the proposed SAC doesn't plausibly allege a direct causal link between the alleged practice and constitutional injury. Again, the proposed SAC describes the applicable practice as one of "leverage[ing] the arrestee's head into the ground in a manner that allows the head to strike the ground with unbroken force." [#77-1 at ¶2.] The only averments in the proposed SAC regarding what caused Plaintiff harm in this regard allege the affirmative act of "slamming" Plaintiff's head into the ground, rather than alleging a tactic that merely "allowed" Plaintiff's head to hit the ground. [*Compare* #83-1 at p.3 ("Officer Woods . . . assaults me by punching me and <u>slamming</u> my head into the ground.") (emphasis added) *with* #83-1 at ¶2 (there was a practice of officers using leverage that "allows the head to strike the ground".]

## C. CONCLUSION

Based on the above, IT IS ORDERED that the Motion is DENIED.

DATED: March 31, 2020.

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge