IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:16-cv-02391-SKC

CORY S. SCHERBARTH,

       Plaintiff,

v.

OFFICER WOODS, Officer of the Aurora City Police Department, and;
OFFICER VAN CLEAVE, Officer of the Aurora City Police Department,

       Defendants.

---

**MINUTE ORDER RE: MOTION TO OBJECT TO FURTHER DISCOVERY [DKT. 120] AND MOTION TO DISMISS FOR LACK OF PROSECUTION [DKT. 123]**

---

      This order addresses Plaintiff's Motion to Object to Further Request for Production ("Plaintiff's Motion") [Dkt. 120] and Defendants' Motion to Dismiss for Lack of Prosecution ("Defendants' Motion").[1] [Dkt. 123.] The Court has reviewed the Motions and related briefing. No hearing is necessary.

      Defendants' Motion seeks dismissal of Plaintiff's Amended Complaint under Fed. R. Civ. P. 37(b)(2)(C) and 41(b). [Dkt. 123, p.1.] Specifically, Defendants argue "given the extent and redundancy of Plaintiff's behavior the sanction of dismissal is warranted," and Plaintiff's refusal to meaningfully participate in the discovery process "amounts to a willful failure to prosecute his action" warranting dismissal. [*Id.* pp. 12,14.] Defendants primarily rely on the "long and tortured procedural history of this case" in support of their argument for dismissing this matter under Rule 37(b)(2)(C). Alternatively, they argue dismissal under Rule 41(b) is warranted because Plaintiff failed to supplement his discovery responses as the Court ordered

---

[1] Counsel included their response to Plaintiff's Motion in their Motion to Dismiss. The Court reminds counsel of Local Rule 7.1(d), the spirt of which requires motions be filed as a separate document. *See* D.C.COLO.LCivR 7.1(d). The Court cautions counsel against including responses in any future motions.

1

at an earlier Status Conference. After the Status Conference and as the Court ordered, Defendants sent Plaintiff a 4-page letter ("September 11th Letter") detailing and explaining the deficiencies in Plaintiff's discovery responses. [*Id.*] These deficiencies concern certain interrogatories related to Plaintiff's medical, dental, and mental health. [Dkt. 123-1, p.3.] Plaintiff had previously objected to these interrogatories, but Defendants claim his objections are "meritless" because they directly relate to Plaintiff's claim for damages. [*Id.*]

Regarding the Motion to Dismiss, it is DENIED. While Plaintiff was delinquent in prosecuting this case in the beginning, the Court addressed that issue. Plaintiff has been participating since. The fact Plaintiff responded to Defendant's discovery requests with objections rather than supplemental responses does not detract from the fact he is participating in prosecuting his case now. Indeed, the Court has sustained some of his objections, below. For these reasons dismissal is not currently warranted.

Regarding the discovery responses, instead of supplementing his responses, Plaintiff objected to any further discovery as "burdensome," "oppressive," and "overbroad in time and scope." [Dkt. 120, p.1.] Plaintiff also argues he previously provided the information Defendants seek during his deposition and therefore believes discovery is complete. [*Id.*] The Court construes this as a request for a protective order under Fed. R. Civ. P. 26(c).[2]

Under Fed. R. Civ. P. 26(c), a party must show good cause for the issuance of a protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990) ("The decision to grant a protective order is vested in the district court's discretion.") Other than that, the scope of discovery in federal court is broad. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* Pertinent here, when the relevance of a discovery request is not apparent on the face of the request itself, the proponent of the discovery bears the burden of making an initial showing of relevance. *See Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007).

**INTERROGATORY NO. 7:**

---

[2] Because Plaintiff proceeds *pro se* his pleadings and other papers are construed liberally and held to a less stringent standard than formal pleadings drafted by a lawyer. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

Plaintiff's objections to this interrogatory are sustained. This interrogatory seeks information regarding Plaintiff's use of drugs, alcohol, and medication, whether prescribed or not, for the week prior to and the day of the incident. The relevance of this request is not apparent from the face of the request, and Defendants have not met their burden to show the relevance. This request is not focused on Plaintiff's use of medications or drugs related to his claimed damages, but rather, his use regardless. For example, what is the relevance of the Plaintiff's consumption of alcohol in the days leading to the incident? Or what is the relevance of Plaintiff' use of ibuprofen or allergy medication two days before the incident? This request is broad enough to capture such irrelevant substance use, and Defendant has failed to make an initial showing of relevance.

**INTERROGATORY NO. 8:**
Plaintiff's objections to this interrogatory are sustained for the same reasons stated above.

**INTERROGATORY NO. 12:**
Plaintiff's objections to this Interrogatory are overruled. This interrogatory asks Plaintiff to identify the medical care he sought as a result of the incident, including the identity of the medical providers who provided that care. This request is directly relevant to Plaintiff's alleged damages and injuries stemming from the incident. Plaintiff is ordered to supplement his response to this request.

For the above reasons, the Motion to Dismiss is DENIED. The Motion for Protective Order (as liberally construed) is GRANTED IN PART AND DENIED IN PART. ORDERED that Plaintiff supplement his response to Interrogatory No. 12 by **November 15, 2021**. Plaintiff is warned that failure to supplement his response as ordered may subject him to sanctions, including dismissal.

DATED: September 24, 2021.