IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:16-cv-02391-SKC

CORY S. SCHERBARTH,

   Plaintiff,

v.

OFFICER WOODS, Officer of the Aurora City Police Department, and;
OFFICER VAN CLEAVE, Officer of the Aurora City Police Department,

   Defendants.

---

## MINUTE ORDER RE: MOTION FOR RELIEF UNDER RULE 68 [DKT. 124]

---

  Plaintiff seeks an order to enforce a prior offer of judgment. The Court has reviewed the Motion for Relief, the related briefing, and the docket. No hearing is necessary.

  As an initial matter, in their Response to the Motion, Defendants move to have Magistrate Judge Wang address the Motion "to ensure the settlement proposals set forth in the [Motion] enjoy the continued umbrella of confidentially traditionally attendant to such discussions." [Dkt. 130, p.4.] But in this district, a motion "shall not be included in a response or reply to the original motion." D.C.Colo.LCivR 7.1(d). So, the Court does not entertain this request.[1]

  Turning, to Plaintiff's Motion, the Court finds a brief procedural history helpful. In his original Prisoner Complaint, Plaintiff named Defendants in both their individual and official capacities. Magistrate Judge Gallagher construed the official capacity claims as municipal liability claims against the City of Aurora ("City"). However, because the Prisoner Complaint did not include factual allegations to

---

[1] The Court also finds Defendants' arguments about the confidentiality of the settlement discussions unpersuasive, especially given they have taken no action to restrict public access to the Motion, and the accompanying settlement documents, since their filing.

suggest a municipal policy or custom, Plaintiff was ordered to amend his complaint to state a plausible claim against Defendants in their official capacities. [Dkt. 10.] Plaintiff filed his Amended Complaint on December 21, 2016, naming the Defendants individually. [Dkt. 18.] The same day, he moved to stay the *Monell* claims against the City in order to "conduct an investigation regarding the customs or policies of the municipality." [Dkt. 19.] On January 11, 2017, Judge Babcock declined to stay the *Monell* claims against the City, and instead dismissed Plaintiff's official capacity claims, without prejudice. [Dkt. 20.] However, he granted Plaintiff leave to further amend his complaint if he later discovered facts supporting liability against the City. [*Id*. p.4.] Plaintiff served the Amended Complaint on Defendants who then answered.

Plaintiff filed a motion to amend his complaint a second time on September 9, 2018. [Dkt. 77.] While this motion was pending before the Court, the parties participated in a Settlement Conference before Magistrate Judge Wang on January 22, 2019, which was unsuccessful. [Dkt. 91.] Afterwards, Plaintiff requested Defendants provide him an offer of judgment. [Dkt.124, p.2.] On May 3, 2019, an Offer of Judgement was made "by the City of Aurora on behalf of itself, Officer Woods and Officer Van Cleeve" for $4,500 ("Initial Offer"). [Dkt. 124-1, p.5.] The letter accompanying the Initial Offer explained, that alternatively, the City was willing to settle the matter for $5,000 to avoid having judgment entered against it. [*Id*.] Plaintiff sent an email accepting the Initial Offer on May 17, 2019, explaining "I want the judgment to be taken against the City of Aurora." [*Id*. p.3.] Defendant responded a few days later confirming receipt of Plaintiff's acceptance and informing him they would have to "discuss [his] comments" and get back to him. [*Id*. p.4.]

Defendant sent a second offer of judgment on May 23, 2019 ("Revised Offer"). [Dkt. 124-2, p.1.] The Revised Offer contained only the $4,500 offer of judgment and included additional language regarding the current posture of the case. [*Id*.] Specifically, the language referenced the pending motion to amend and indicated the Revised Offer was made to "resolve any potential exposure associated with Plaintiff's claims against the City employees as well as the claims." [*Id*.] Accompanying the Revised Offer was a formal Notice of Acceptance ("Notice"). [Dkt. 124, p.6.]

The parties do not dispute Plaintiff failed to sign the Notice before it expired. In his Motion, Plaintiff explains he was "confounded" by the language in the Revised Offer and was concerned about the "legality" of Defendants' actions. [*Id*. p.3.] And soon after receiving the Revised Offer, communication between Plaintiff and opposing counsel ceased. [*Id*. pp.3-4.]

Plaintiff now seeks to enforce the Initial Offer. Defendants argue the Initial Offer was invalid because the City was not a party to the litigation and the Revised

Offer expired on its own terms on June 6, 2019, when Plaintiff failed to sign the Notice or "otherwise indicate his desire to accept the offer." [Dkt. 130, pp.5-6.]

"To be effective, a Rule 68 offer of judgment must be made after the plaintiff (1) files the complaint with the court and (2) obtains jurisdiction over the defendant in that litigation by service of the complaint on that defendant or obtaining his waiver of service." *Felders v. Bairett*, 885 F.3d 646, 652 (10th Cir. 2018). The question presented in *Felders* was whether a prospective defendant could make an effective Rule 68 offer of judgment before they were made a party to litigation. *Id*. There, the Tenth Circuit held that Rule 68 requires a defendant must be made a party to the ongoing litigation before he can make a valid offer of judgment. *Id*. And "[o]ne becomes a party officially . . . only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (internal quotations omitted). Rule 68 is only available to persons or entities who are *parties* to litigation, rather than mere prospective parties. *Id*. at 654.

Here, the City has never been a defendant in this action. Moreover, Plaintiff never served the City, and the City did not answer or otherwise indicate it was subjecting itself to the Court's jurisdiction. Because the City was never a party to the case, any offer of judgment it made was invalid. Therefore, Plaintiff's email on May 17, 2019, agreeing to the Initial Offer and seeking judgment against the City had no legal effect. And there is no contract or agreement for the Court to enforce.

For these reasons, the Court DENIES the Motion.

DATED: September 24, 2021.