IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:16-cv-02391-SKC

CORY S. SCHERBARTH,

     Plaintiff,

v.

OFFICER WOODS, Officer of the Aurora City Police Department, and,
OFFICER VAN CLEAVE, Officer of the Aurora City Police Department,

     Defendants.

---

**ORDER RE: DEFENDANTS' MOTIONS IN LIMINE**
**[Dkts. 152, 155, and 157]**

---

This Order addresses three pending Motions in Limine filed by Defendants. This matter arises out of Defendants' arrest of Plaintiff on September 25, 2014. The arrest followed a struggle between Plaintiff and the Defendant Officers wherein Defendant Woods took Plaintiff to the ground, and both Defendants struggled to force him into position to apply handcuffs to his wrists. Plaintiff claims he sustained multiple physical injuries due to the altercation. He filed this matter asserting a Fourth Amendment excessive force claim against each Defendant.

**LEGAL STANDARDS ON MOTIONS IN LIMINE**

Motions in limine exist outside of the Federal Rules of Civil Procedure and Federal Rules of Evidence. These motions enable the court "to rule in advance of trial

1

on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (further citations omitted)). Pre-trial rulings on motions in limine can save time during trial as well as cost and effort for the parties as they prepare their cases. That said, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998) (citing *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) ("Unless evidence meets this high standard [of clearly inadmissible], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.")).

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

## THE MOTIONS IN LIMINE

**1.   Defendants' Motion In Limine No. 3 to Preclude Reference to the Criminal Charges Against Plaintiff Being Dismissed**

Plaintiff's physical encounter with Defendants resulted in his arrest and his being charged with (1) violation of a state protection order, (2) resisting arrest, (3) obstructing a peace officer, and (4) act of domestic violence. According to Defendants, he pleaded guilty to the protection order charge, and the other three charges were dismissed. Defendants seek to preclude evidence at trial of the dismissal of the three charges on relevance grounds, and if found relevant by the Court, then Defendants argue for preclusion under Fed. R. Evid. 403. Plaintiff argues these dismissals are "directly relevant" to his excessive-force claim and precluding the evidence would "greatly prejudice [him] and lead to juror confusion."

The fact these criminal charges were dismissed has no bearing on whether Defendants used excessive force on Plaintiff on September 25, 2014. *Valdez v. Motyka*, No. 15-CV-0109-WJM-STV, 2021 WL 1123576, at *2 (D. Colo. Mar. 24, 2021) (citing cases). But the dismissals *are* relevant if Defendants introduce evidence of the corresponding charges. *See Valdez*, 2021 WL 1123576, at *2 (D. Colo. Mar. 24, 2021) ("Of course, Defendants may elect not to introduce any evidence, or make or elicit any attorney or witness argument or comment, about Plaintiff's arrest on January 16, 2013. In such event, Plaintiff will similarly not be permitted to introduce evidence or make or elicit any attorney or witness argument or comment, about the fact that the subject criminal charges against him were subsequently dropped."); *see also Stroud*

3

*v. Boorstein*, 2014 WL 5784639, at *2 (E.D. Penn. Nov. 5, 2014) (concluding in excessive force and battery case that "[p]rejudice may result to [p]laintiff if a jury were to learn that he was charged with [aggravated assault and reckless endangerment], but not hear that he was found not guilty of them"); *Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 739 (N.D. Ill. 2004) ("While the disposition of the charge is not relevant to whether the defendants used excessive force, if the battery charge is mentioned, the disposition must be included in order to prevent the jury from assuming that [plaintiff] was found guilty.").

Defendants have not indicated they do not intent to introduce evidence of Plaintiff having been charged with these three additional offenses.[1] Therefore, **this motion in limine is DENIED** to the extent Defendants seek to introduce evidence of the three underlying charges that were dismissed.

2. **Defendants' Motion In Limine to Preclude Reference to Reports and Investigations Involving the City of Aurora**

Defendants seek to preclude Plaintiff from referencing a September 15, 2021 report of the Colorado State Attorney General titled Investigation of the Aurora Police Department and Aurora Fire Rescue ("AG Report"). The AG Report was the

---

[1] The Court questions the relevance of Plaintiff's charge for violating the protection order and his subsequent guilty plea, for the same reason. These facts have no bearing on whether Defendants used excessive force on Plaintiff on September 25, 2014. Because neither side has addressed the relevance of the protection order charge and subsequent guilty plea, counsel should be prepared to address this issue on the first day of trial. Further, the Court notes Defendants, in their motion, state Plaintiff pleaded guilty to the protection order charge, but in Plaintiff's Motion in Limine No. 1, he states this charge was dropped [Dkt. 168, p.2].

4

result of a 14-month investigation into the Aurora Police Department's use of force and related policing practices after review of over 2,800 use-of-force incidents from 2016 to 2020. The AG Report concludes the Aurora Police Department has a pattern and practice of racially biased policing, using excessive force, and failing to document stops as required by law.

Defendants argue the AG Report should be precluded as irrelevant under Fed. R. Civ. P. 401. Plaintiff argues the AG Report is relevant "to show . . . that Aurora police officers, including the individual Defendants, have a historical pattern and practice of using excessive force in the same way Plaintiff alleges in this case." [Dkt. 162, p.4.]

This case does not include claims against the City of Aurora or the Aurora Police Department. It includes a Fourth Amendment claim against Defendants, each individually. To state an excessive force claim under the Fourth Amendment, Plaintiff must show that a seizure occurred, and the seizure was unreasonable. *Waller v. City & Cty. of Denver*, No. 14-CV-02109-WYD-NYW, 2015 WL 5302476, at *2 (D. Colo. Sept. 11, 2015), aff'd, 932 F.3d 1277 (10th Cir. 2019). As such, nothing in the AG Report "has any tendency to make a fact more or less probable than it would be without the evidence" on the subject of Defendants' alleged excessive force in September 2014 against Plaintiff. Fed. R. Evid. 401. The AG Report came out seven years after the alleged excessive force in this case, and the period of investigation comprising the AG Report does not include September 25, 2014. Even assuming the

AG Report is relevant, the Court finds it would be further precluded under Fed. R. Evid. 403.

For these reasons **this motion in limine is GRANTED**.

## 3. Defendants' Motion in Limine No. 5 to Limit Plaintiff's Reference to Alleged Physical Injuries

Defendants posit Plaintiff intends to introduce evidence at trial that he suffered the following injuries from the alleged excessive force: concussion, trauma to left eye, trauma to left cheek, trauma to upper lip, trauma to both top and bottom teeth knocking them loose and out of place, trauma to right shoulder resulting in torn rotator cuff, trauma to right and left wrist, and trauma to left and right thumb resulting in nerve damage to both hands. Defendants argue these injuries are not understood by a layperson without medical expert testimony on causation.

For his part, Plaintiff describes his injuries as "a black eye, bruise on his cheek, cut on his lip, a loose tooth, shoulder pain, wrist pain, thumb pain, and anxiety." [Dkt. 166, p.1.] He argues his injuries are "consistent with such an attack, and Plaintiff's description of the events along with the contemporaneous photographs and medical assessment make clear that the jury need not make a series of inferential leaps to conclude that Defendants' excessive force was the direct cause of Plaintiff's injuries." [*Id.* at p.3.] The Court agrees with Plaintiff.

There is nothing in Plaintiff's injuries, as he describes them,[2] that requires expert testimony to determine the cause of those injuries in light of the alleged excessive force in this case, particularly in light of the additional supporting evidence concerning documentation of his injuries. *See Webb v. Sterling Corr. Officer Delaney*, No. 14-CV-1461-RBJ-CBS, 2016 WL 931218, at *4, *5 (D. Colo. Mar. 11, 2016) ("If the jury assesses Webb's testimony as credible, not only as to the cuffing but his contemporaneous sensation of pain, couple that with the fact that surgery on the affected area was performed the next day, and couple those facts with the absence of any credible alternative explanation of the injuries, it is capable of inferring cause and effect without the assistance of expert testimony. Therefore, the Court finds that this issue is appropriate for a jury's determination.").

**This motion in limine is DENIED.**

DATED: April 13, 2022

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[2] The parties describe Plaintiff's injuries differently. To the extent Plaintiff would testify he suffered a "concussion" or a "torn rotator cuff"—injuries which would require a medical diagnosis—he would be precluded from testifying to his injuries in a manner that implies a medical diagnosis because he is not a medical professional. To the extent he did receive a medical diagnosis and would testify to that diagnosis, such testimony may raise a hearsay issue depending on the purpose of the statement. But he is certainly free to testify and describe his pain and claimed injuries in his own words.