**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Magistrate Judge S. Kato Crews

Civil Action No. 1:16-cv-02391-SKC

CORY S. SCHERBARTH,

      Plaintiff,

v.

OFFICER WOODS, Officer of the Aurora City Police Department, and,
OFFICER VAN CLEAVE, Officer of the Aurora City Police Department,

      Defendants.

---

**ORDER RE: PLAINTIFF'S MOTIONS IN LIMINE
[DKTS. 168, 169, 170, and 171]**

---

      This Order addresses four pending Motions in Limine filed by Plaintiff. This matter arises out of Defendants' arrest of Plaintiff on September 25, 2014. The arrest followed a struggle between Plaintiff and the Defendant Officers wherein Defendant Woods took Plaintiff to the ground, and both Defendants struggled to force him into position to apply handcuffs to his wrists. Plaintiff claims he sustained multiple physical injuries due to the altercation. He filed this matter asserting a Fourth Amendment excessive force claim against each Defendant.

**LEGAL STANDARDS ON MOTIONS IN LIMINE**

      Motions in limine exist outside of the Federal Rules of Civil Procedure and Federal Rules of Evidence. These motions enable the court "to rule in advance of trial

on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)) (further citations omitted). Pre-trial rulings on motions in limine can save time during trial as well as cost and effort for the parties as they prepare their cases. That said, "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998) (citing *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)) ("Unless evidence meets this high standard [of clearly inadmissible], evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

## THE MOTIONS IN LIMINE

### 1.    Plaintiff's Motion in Limine No. 1

This motion in limine seeks to preclude evidence, testimony, and argument about Plaintiff's criminal history and bad acts. In their Response, Defendants argue Plaintiff's "criminal background, incarcerations, fights, disputes, assaults and threats infiltrate and overlap with issues directly impacting his alleged noneconomic damages for emotional distress and, as such, are admissible for reasons governed strictly by Fed. R. Evid. 404(b)." (Footnote omitted.) They also argue evidence of his five prior felony convictions, and 10 prior misdemeanor convictions, is admissible under Fed. R. Evid. 609(a)(1) and (2).

Rule 609(a)(2) only applies to crimes where "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Defendants have submitted no evidence regarding the facts of Plaintiff's prior convictions for the Court to determine whether any of them involved a dishonest act or false statement within the meaning of the law. *See United States v. Chaco*, 801 F. Supp. 2d 1217, 1225-26 (D.N.M. 2011) ("The United States did not try to show that these are felonies involving false statement or deception. Accordingly, Chaco's convictions are not per se admissible under rule 609(a)(2), and nothing in the record indicates that the crimes actually involved false statements or dishonesty.") Therefore, the Court cannot, on this record, rule that any of these convictions are admissible under Rule 609(a)(2).

Under Rule 609(a)(1), evidence that a witness has been convicted of a crime that was punishable by death or imprisonment for more than one year is admissible to attack the witness's character for truthfulness. Fed. R. Evid. 609(1) The Tenth Circuit has interpreted this rule to require the admission of a prior felony conviction, including the nature of the conviction, only after the trial court engages in Fed. R. Evid. 403 balancing. *United States v. Howell*, 285 F.3d 1263, 1269 (10th Cir. 2002).

Here, Defendants identify Plaintiff's following five felony convictions:

1. Arapahoe County District Court, Case No. 2005CR929 – Controlled Substance – possess, Schedule 1 (F6), C.R.S. § 18-18-105(1) on May 9, 2005

2. Arapahoe County District Court, Case No. 2014CR1671 – Contributing to the Delinquency of Minor (F4), C.R.S. § 18-6-01 on August 1, 2014

3. Arapahoe County District Court, Case No. 2014CR338 – Theft - $10,000-$100,000 - att (F5), C.R.S. § 18-4-401(1) on September 15, 2014

4. Arapahoe County District Court, Case No. 2015CR2685 – Criminal Trespass 1 – auto/w/intent Comm Crime (F6), C.R.S. § 18-4-502 on September 2, 2016

5. Arapahoe County District Court, Case No. 2015CR3198 – Violation of Bail Bond Conditions – felony (F6), C.R.S. § 18-8-212(1) on September 2, 2016

The first conviction from May 9, 2005, is inadmissible under Fed. R. Evid. 609(b). Defendants have presented no facts to demonstrate this conviction has a probative value that substantially outweighs its prejudicial effect given the age of the conviction and the nature of the offense. Fed. R. Evid. 403 and 609(b)(1). The other four convictions—contributing to the delinquency of a minor; theft $10,000 - $100,00;

trespass 1, auto with intent to commit a crime; and violation of bail bond conditions, respectively—are admissible under Rule 609(1). The Court previously denied summary judgment in this case because the parties' respective versions of their altercation is directly at odds—Plaintiff states he was not resisting arrest, and Defendants claim the opposite. This is a classic "he said, they said" case, and the parties' respective credibility will be a paramount consideration for the jury. As a result, the probative value of these felony convictions, including the date of conviction, name of the offense, and the sentence, is not substantially outweighed by any of the factors listed in Fed. R. Evid. 403. *See Howell*, 285 F.3d 1263, 1268 (10th Cir. 2002) ("We are not certain what evidence of two convictions for theft by taking, one conviction for armed robbery, and one conviction for aggravated assault says about [the witness'] credibility, but we are certain that the jury should have been given the opportunity to make that decision.") (internal quotations omitted, quoting *United States v. Burston*, 159 F.3d 1328, 1336 (11th Cir.1998)).

Whether Defendants' other claimed purposes for admitting evidence of Plaintiff's prior bad acts satisfy Fed. R. Evid. 404 remains to be seen. Those purposes will depend, in part, on the evidence Plaintiff puts on in his case-in-chief, and the specific bad acts Defendants seek to introduce. Therefore, the Court reserves for trial the issue of the admissibility of Plaintiff's other specific bad acts.

For these reasons, this motion in limine is GRANTED IN PART, and DENIED IN PART. On the current record, only the four felony convictions referenced above are admissible. The admissibility of any other bad-acts evidence is reserved for trial.

**2.      Plaintiff's Motion in Limine No. 2**

This motion in limine seeks to preclude evidence, testimony, and argument relating to Madison Waagmeester's age, her status as a minor at the time of the incident, and the difference between her and Plaintiff's ages. The Court agrees with Defendants that this witness's age is relevant to the dispatch call that caused Defendants to arrive in the first place to contact Plaintiff, leading to his altercation with Defendants and subsequent arrest. The probative value of this evidence is not substantially outweighed by a danger of unfair prejudice to Plaintiff. Fed. R. Civ. P. 403. In light of the Court's ruling on Plaintiff's Motion in Limine No. 1, *supra*, Ms. Waagmeester's age is the only additional fact which may be adduced at trial related to the associated felony conviction.

This motion in limine is DENIED.

**3.      Plaintiff's Motion in Limine No. 3**

This motion in limine seeks to preclude evidence, testimony, and argument relating to Plaintiff's medical history unrelated to the September 25, 2014 incident. The medical records at issue reference Plaintiff's: (1) history of substance abuse (alcohol, tobacco, methamphetamine, and other legal substances), (2) disputes with police; and (3) medical conditions unrelated to this incident.

Defendants agree records referencing Plaintiff's use of alcohol, tobacco, or other legal substances are not relevant. They claim references to Plaintiff's abuse of these substances are "incidental at best," and they "do not intend to specifically introduce testimony related to records documenting" Plaintiff's use of these substances. The motion in limine, therefore, is GRANTED insofar as these substances are concerned.

Defendants do, however, intend to introduce evidence of Plaintiff's meth use arguing it is relevant to his claimed tooth-injury suffered in his altercation with Defendants. They also seek to introduce references in the medical records to Plaintiff's other encounters with police officers involving claims of excessive force.

Only statements made for, and reasonably pertinent to, medical diagnosis or treatment and which describe medical history, past or present symptoms or sensations, their inception, or their general cause, are admissible as statements made for medical diagnosis or treatment under Fed. R. Evid. 803(4). It is not enough that certain medical records reference Plaintiff's meth use or his other police encounters if the statements pertaining to those references were not made for, or reasonably pertinent to, a medical diagnosis or treatment. *See Burgos Martinez v. City of Worcester*, 502 F. Supp. 3d 606, 615 (D. Mass. 2020) (plaintiff's statements about his physical pain, and that it was caused by an "assault," "hitting," "choking," or "dragging" fell within the 803(4) exception, but excluding plaintiff's statements identifying the police as his attackers finding 803(4) does not typically apply to

statements about fault); *see also United States v. Tome,* 61 F.3d 1446, 1450 (10th Cir. 1995) ("A declarant's statement to a physician that identifies the person responsible for the declarant's injuries is ordinarily inadmissible under Rule 803(4) because the assailant's identity is usually unnecessary either for accurate diagnosis or effective treatment"); *Walker v. Spina,* No. CIV 17-0991 JB\SCY, 2019 WL 418420, at *1 (D.N.M. Feb. 1, 2019) (refusing to admit statements about who or what caused plaintiff's injuries that were not reasonably pertinent to medical diagnosis or treatment).

Defendants have thus far painted with a broad brush, offering a variety of purposes for admitting a variety of references in Plaintiff's medical records. And the admissibility of certain references may depend on the doors Plaintiff opens during his case-in-chief. Therefore, the Court reserves for trial the admissibility of certain references in Plaintiff's medical records.

**4.     Plaintiff's Motion in Limine No. 4**

This motion in limine seeks to preclude evidence, testimony, and argument about Plaintiff's usage of drugs, alcohol, tobacco, or related substances. In relevant part, it appears undisputed that Plaintiff was not intoxicated on the day of the incident. Nor do Defendants claim any substance use was a factor in Plaintiff's altercation with Defendants.

Again, Defendants agree records referencing Plaintiff's use of alcohol, tobacco, or other legal substances are not relevant. They claim references to Plaintiff's abuse

of these substances are "incidental at best," and they "do not intend to specifically introduce testimony related to records documenting" Plaintiff's use of these substances. The motion in limine, therefore, is GRANTED insofar as these substances are concerned.

What Defendants do seek to introduce is testimony related to the incident underlying the protection order that resulted in Defendants' contact with Plaintiff, which involved providing alcohol and other substances to a then minor. As the Court understands the record, these facts underlie Plaintiff's August 1, 2014 felony conviction, discussed above. Consistent with the Court's ruling on Plaintiff's Motions in Limine Nos. 1 and 2, only the date of conviction, name of the offense, the sentence, and the then-minor's age, are admissible.

Defendants also seek to admit evidence of Plaintiff's meth use arguing it is relevant to his claimed tooth injury, his alleged emotional distress, and his memory and ability to recollect events. First, sans medical expert testimony regarding the effects of meth use on a person's teeth, or its effects on a person's memory or emotions, admitting this evidence for these purposes would be precluded under Fed. R. Evid. 403 because its probative value would not substantially outweigh the danger of unfair prejudice to Plaintiff and would risk confusing the issues and misleading the jury. Second, Defendants do not claim they will introduce evidence that Plaintiff was under the influence of meth on the date of, or during the incident, or evidence that Plaintiff has struggled to recall (or has otherwise confused) the events of September 25, 2014.

Thus, the relevance of introducing this evidence for the purpose of attacking Plaintiff's memory is remote without evidence that his memory is at issue in this case.

But the Court will reserve for trial whether certain evidence of Plaintiff's meth use is admissible.

DATED: April 15, 2022

BY THE COURT:

S. Kato Crews
United States Magistrate Judge